UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAXIE BROOME, JR.,**

    **Plaintiff,**

v.                                       Case No.: 8:19-cv-00176-EAK-AEP

**THE MOSAIC COMPANY,**
A foreign profit corporation,

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MAXIE BROOME, JR. ("Plaintiff"), sues the Defendant, THE MOSAIC COMPANY, a foreign profit corporation ("Defendant") and, as grounds therefor, states:

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. This action is within the original subject matter jurisdiction of this Court under 28 U.S.C Section 1332(a), as diversity of citizenship exits, and the amount of controversy, exclusive of costs and interests, exceeds $75,000.

2. Plaintiff is domiciled in the State of Florida. For all times material to this Complaint, Plaintiff resided in Polk County, Florida.

3. Defendant, THE MOSAIC COMPANY, is a foreign profit corporation that, for all times material to this Complaint, was and is, licensed to do, and does business in the State of Florida.

4. Defendant is the owner and operator of Mosaic Park, located in the 1900 block of South Floral Avenue, Bartow, Florida across from the Polk County School



$400.00
TPA055034

Board main offices located across the street in the same block.

5. All conditions precedent to bringing this lawsuit have been performed or have occurred.

6. Venue in proper in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391, in that each cause of action arose in this district, and Defendant has a principal address in Polk County, Florida.

## FACTUAL ALLEGATIONS

7. Plaintiff adopts and incorporates the general allegations in paragraphs 1 through 6 of this Complaint as if fully set forth herein.

8. On Monday, January 15, 2018 (Martin Luther king, Jr.'s birthday) at about 5:30 a.m., the 69 year old black male Plaintiff was taking his routine morning walk with his 88 year old white female friend at Mosaic Park in Bartow, Florida (in the 1900 block of South Floral Avenue across from the Polk County School Board Main offices) when he was criminally attacked at gunpoint (severely kicked and beaten); shot and robbed (of cellphone and firearm) by; what turned to be, 3 juveniles.

9. Just previous to the armed attack of Plaintiff as aforedescribed, the suspects had been involved in several similar criminal assaults in Polk County, Florida; which criminal attacks had fully come to the knowledge of the police authorities (i.e., with indication that certain juveniles were possibly "auditioning" to get into gangs) such as to impute directly to Defendant constructive knowledge of such activity.

10. All 3 juvenile suspects were caught and all 3 were prosecuted as adults; as it was indicated by police authorities that previous efforts to work with them as juveniles had proven unsuccessful.

## COUNT 1 – PREMISES LIABILITY / NEGLIGENCE

11. Plaintiff realleges and readopts paragraphs 1 through 10 of this Complaint as set forth herein and further alleges.

12. To the extent that Mosaic Park is located adjacent to the Bartow Civic Center and The Bartow School Board administrative offices on Floral Avenue, Police presence is existent at Mosaic Park at most times.

13. At all times material to the allegations herein, criminal activity by juveniles was known by Bartow Police to be existent particularly in Polk County such as to render Defendant to have constructive knowledge of such condition.

14. At all times material, Defendant owed a duty to the public, including Plaintiff, to exercise reasonable and ordinary care to keep and maintain its premises in a condition reasonably safe for the use of the public. In particular, Defendant had a duty to take such precautions as were reasonably necessary to protect its invitees including Plaintiff from criminal attacks which were reasonably foreseeable.

15. Defendant knew, or in the exercise of reasonable care should have known, that its premises Mosaic Park area and the area immediately surrounding its Mosaic Park premises was possibly subject to high crime area at the time of Plaintiff's injuries, as there had been numerous similar criminal acts and attacks perpetrated at such time in the area on the public, and that such criminal acts and attacks were reasonable likely to be perpetrated on invitees of the Defendant unless Defendant took steps to provide proper security for such individuals.

16. The Defendant knew, or in the exercise of reasonable care should have known, that no individual, including the Plaintiff, had it within their own power to take the

measures necessary to provide for their own security on the premises of Mosaic Park.

17. The Defendant was negligent and breached its duty of reasonable care for the safety and protection of the public and the Plaintiff in all or more of the following ways:

(a) By failing to provide adequate security for the customers and invitees, including the Plaintiff, of Mosaic Park at the particular time, under the circumstances, in question;

(b) By failing to have an adequate number of security guards to protect the customers and invitees, including the Plaintiff, of Mosaic Park at the particular time, under the circumstances, in question;

(c) By failing to have competent security guards to protect users, customers and invitees, including the Plaintiff, of Mosaic Park at the particular time, under the circumstances, in question;

(d) By failing to properly train security guards, so that they could protect the customers and invitees, including the Plaintiff, of Mosaic Park at the particular time, under the circumstances, in question;

(e) By failing to take additional security measures after being put on notice that security measures in force were inadequate at the particular time, under the circumstances, in question;

(f) By failing to warn, protect, guard, and secure the safety of the Plaintiff, or other similarly situated members or the public, when the Defendant knew or should have known o f the existence of crime and the danger to those individuals entering Mosaic Park at the particular time, under the circumstances, in question;

(g) By failing to implement adequate security policies, security measures, and security procedures necessary to protect the Plaintiff, and other patrons of Mosaic Park at the particular time, under the circumstances, in question; and

(h) By failing to police, patrol, guard, deter, and otherwise provide adequate protection for patrons of Mosaic Park at the particular time, under the circumstances, in question, when Defendant knew or should have known of foreseeable criminal acts.

18. As a direct and proximate result of the above-described carelessness and negligence of Defendant, the Plaintiff, while routinely walking on the premises of

Mosaic Park on the morning of January 15, 2018, was criminally attacked at gunpoint; severely kicked, beaten and shot, and was robbed. As a result, Plaintiff sustained severe physical injuries; to wit fracture of right orbital floor; fracture of right zygotmatic arch; gunshot wound of right thigh; right maxillary fracture; subarachnoid hemorrhage, traumatic.

19. Following from the attack, Plaintiff continues to the present day to have a 9mm bullet lodged in his right thigh.

20. In addition to the physical damage delineated in paragraphs 18 and 19 above, following from the aforedescribed attack, Plaintiff experienced mental pain and suffering, psychological injuries, scarring, disability, disfigurement, and the loss of the capacity for the enjoyment of life.

21. As a direct and proximate result o f the above-described carelessness and negligence of the Defendant, the Plaintiff has also incurred significant past and future medical expenses, and the loss of past income and future earning capacity.

22. All of the aforementioned damages are permanent and continuing in nature.

WHEREFORE, Plaintiff, MAXIE BROOME, JR., sues the Defendant THE MOSAIC COMPANY, a foreign profit corporation, for compensatory damages, costs and interest and demands trial by jury of all issues so triable as a matter of right.

Respectfully submitted,
**Maxie Broome, Jr., P.A.**

/s/Maxie Broome, Jr.

Maxie Broome, Jr., Esquire
Florida Bar No.: 0250201
P.O. Box 371
Bartow, Florida 33831
(904) 382-2434 telephone
mbroomelaw@aol.com

Attorney for Plaintiff